*Law Library*

**IN THE SUPERIOR COURT
OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

2012 MAY 30 AM 9: 15

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE No. CF 0646-11 |
| v. | **DECISION AND ORDER**<br>On Defendant's<br>Motion for Reduction of Charges, |
| JOSEPH F. MAFTHIN, | Motion for Diversion, and |
| Defendant. | Objection to Untimely Opposition |

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on August 31, 2012 on Defendant's Motion for Reduction of Charges, Motion for Diversion, and Objection to Untimely Opposition & Reply. The People of Guam were represented by Assistant Attorney General Lisa Hack. The Defendant was represented by Attorney Douglas B. Moylan. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Motion for Reduction of Charges, the Motion for Diversion, and the Objection to Untimely Opposition.

## FACTUAL HISTORY

The Defendant was indicted on one count of felony *Aggravated Assault* involving a *Special Allegation of Possession and Use of a Deadly Weapon*, one charge each of both felony and misdemeanor *Family Violence*, and one charge of misdemeanor *Child Abuse*. The indictment arises from acts alleged to have taken place on November 18, 2011, involving the Defendant's girlfriend and their minor children. On August 16, 2012 the Defendant filed a motion asking the Court to reduce all felony charges to misdemeanors and to allow him entry into the Diversion

Page 1 of 6

program. The People filed an opposition, asking the Court to deny both motions based upon the severity of the crimes charged and the Defendant's criminal record. The Defendant then filed an Objection to Untimely Opposition and Reply arguing that the People's response was filed beyond the motions deadline. Believing that the People's untimely opposition was not made in bad faith, the Court in its discretion decides the remaining motions on the merits. In reviewing the statutory factors, the intent of the law, and the Defendant's past criminal history, the Court finds insufficient factual grounds for reducing the felony charges, as well as insufficient grounds for permitting the Defendant to enter Diversion.

## DISCUSSION

The Defendant has filed two motions pursuant to the Family Violence Act. The first motion asks the Court to reduce his felony charges to misdemeanors pursuant to 9 G.C.A. §30.80.2(c). The second motion asks that the Court grant the Defendant entry into the Diversion program pursuant to 9 G.C.A. §30.80. The Family Violence Act provides guideline for determining the merits of both motions. Relying on these guidelines, the Court denies both motions for the reasons discussed below.

### I.     *The Motion to Reduce Charges to Misdemeanors*

Guam's Family Violence Act permits defendants charged with felony *Family Violence* to motion the court to have their charges reduced to a misdemeanor. The Act further delineates the factual circumstances that the Court must evaluate in determining whether a felony charge should be reduced. Specifically, the Act states that the Court shall consider: "(1) The extent or seriousness of the victim's injuries; (2) The defendant's history of violence against the same victim whether charged or uncharged; (3) The use of a gun or other weapon by the defendant; (4) The defendant's prior criminal history; (5) The victim's attitude and conduct regarding the

incident; (6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and (7) The defendant's history of and amenability to counseling." 9 G.C.A. §30.80.2(c) (1994). The Act further clarifies that "Whether any charge shall proceed as a misdemeanor or a felony rests within the discretion of the court." §30.80.2(a).

The Defendant argues that his case "satisfies 5 or 6 of the 7 grounds supporting reducing the charges to a misdemeanor." In support of his assertion that he satisfies 5 or 6 grounds, the Defendant offers four arguments for reducing his felony charges to misdemeanors. The Defendant asserts that: (1) the alleged weapon was "not a firearm, but a machete," (2) that the alleged incident was not reported by the victim, (3) that "no one was injured in this case," and that (4) he lacks any prior convictions.

The defendant's assertions do not aid the Court in determining whether or not the charges should be reduced. Both a firearm and a machete can be used as a deadly weapon. That the alleged crime was not reported by the victim – a claim that is not supported by the declaration of the prosecutor – does not mean that a crime did not occur. Further, while the victim's injuries do not rise to the level of serious bodily harm, it cannot be said that she and her children sustained "no injury." Finally, while it is true that the Defendant does not have any prior convictions, he does have an existing criminal record.

The facts of the Defendant's case do not support reducing the *Family Violence* charge to a misdemeanor. The Court is statutorily required to consider the list of seven factors to determine the appropriateness of a *Family Violence* felony charge. *People of Guam v. Perez*, 199 Guam 2 ¶12. While the primary victim did not incur serious bodily harm, she could have been seriously injured when the Defendant allegedly swung a machete close enough to her head to cut her hair.

The Defendant also has a history of violence against the same victim, as indicated by his arrest record and confirmed by the prosecutor. The Court must take this record into account as the Act requires that the court consider all acts of violence both "charged and uncharged." §30.80.2(c)(2). As to the third factor, the Defendant admitted to "carrying a machete," which can certainly by used as a weapon, during the alleged incident. The Defendant also has a criminal record involving multiple arrests on similar charges. For factor five, the victim was sufficiently afraid for her safety and the safety of her children that she sought help from both the police and Child Protective Services. It is also known that alcohol was involved in the incident and that the Defendant has a history of alcohol abuse. The only factor that the Court cannot speak to is whether or not the Defendant is amenable to counseling. Because six of the seven factors delineated by the Family Violence Act support not reducing the felony charge, the Defendant's motion to reduce is denied.

## II.     *The Motion for Diversion*

The Defendant has also motioned the Court to allow him to enter the Diversion program. The Defendant asserts that he is statutory eligible to enter Diversion and that he should be allowed to do so in order to benefit his family and himself. The People declined to offer the Defendant entry into Diversion based upon the "egregious nature of the charges." The Defendant then timely motioned the Court for an independent assessment of his eligibility to enter Diversion.

The Defendant is statutorily eligible to enter the Diversion program. The People rely upon their statutory discretion to deny the Defendant's request. 9 GCA §30.80 (1994). The People's decision to deny both Diversion and/or a deferred plea is primarily based upon the legal argument that the Diversion program no longer exits. This court has previously addressed this

issue in the case of *People v. Camacho*, CM1175-11, and will not revisit that argument here. The People also state that the same factual grounds offered to oppose reducing the felony charges support denying both Diversion and a deferred plea for this Defendant.

The Court is required to evaluate three factors in determining a defendant's eligibility for Diversion. The Family Violence Act requires evaluating: (1) the nature and extent of the injury inflicted upon the victim, (2) any prior incidents of family violence by the defendant, and (3) any factors which would adversely influence the likelihood of successful completion of the diversion process. §30.80.1(a). This case involves three alleged victims: the Defendant's girlfriend and their two minor children, aged 6 years old and 2 months old at the time of the incident. The Defendant is accused of swinging a machete at his girlfriend multiple times. One of the swings was alleged to be near the victim's head; close enough to cut her hair. The Defendant is also accused of forcing his family to sit on the floor while he ordered his six year old daughter to place duct tape over the mouths of her family. In addition to these current allegations, the Defendant has been arrested on three previous occasions on similar charges, with at least one arrest involving the same victim. Based on the severity of the current allegations and the Defendant's history of violence as seen in his criminal record, the Court does not believe that the Defendant is a good candidate for the Diversion program.

**CONCLUSION**

Based on the foregoing, the court finds that there are insufficient grounds for reducing the Defendant's felony charges to misdemeanors. The Court further holds that while the Defendant is statutorily eligible to enter Diversion, due to the serious nature of the current charges, the Defendant is denied the opportunity to enter Diversion. Accordingly, the court DENIES the Defendant's Motion for Reduction of Charges and Diversion. Further Proceedings are set for DEC. 4 2012 at 9am.

SO ORDERED, this 30 day of November 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

NOV 30 2012

Teresita S. Perez
Deputy Clerk, Superior Court of Guam